MAURICE S. FISHER *vs.* ELKANAH E. BOYNTON.

Cumberland.    Opinion April 11, 1895.

*Sales.   Delay to Deliver.*

The defendant gave a written order for five thousand cigars, twenty-five hundred to be shipped at once, and the balance on call.   Having waited nineteen days, and having heard nothing from his order, he countermanded it and bought cigars elsewhere.   *Held;* that the delay was unreasonable, and that an action to recover the price of the cigars was not maintainable.

ON EXCEPTIONS.

This was an action of assumpsit upon an account annexed for 2500 cigars, sold by Julius M. Cohen, who assigned the account to the plaintiff, and tried by the justice of the Superior Court for Cumberland County, without the intervention of a jury, subject to exceptions in matters of law.   Plea, the general issue, with brief statement that if any contract was made with plaintiff's assignor, or promise made to him, it was for goods to be delivered immediately and no goods were so delivered, and no promise made as set forth in plaintiff's writ.

May 2, 1892, an agent for Julius M. Cohen, the plaintiff's assignor, called upon the defendant at his drug store in Camden and procured from him a written order for five thousand cigars, "twenty-five hundred to be shipped at once and the balance on call."

Three weeks later, on May 21, 1892, the defendant, having heard nothing from his order, wrote Mr. Cohen that as he had not received the cigars, nor heard from him, he felt obliged to and did countermand the order, and bought cigars elsewhere.

May 28, 1892, Cohen wrote the defendant that the cigars were shipped from New York, May 20, and asking if they had been received. They in fact arrived in Camden, May 24. Cohen had factories in Boston and New York.

The only reason for the delay in filling the order, given by Cohen, was in a letter dated June 15, in which he says that having a large sale of that brand of cigars they invariably take from fifteen to twenty days to fill an order, but no such notice is shown to have been given the defendant at or before the time he gave the order. It appeared from the testimony that these goods were not in stock at the time of the receipt of the order but were manufactured to fill the order, of which fact the defendant was not informed.

After considerable correspondence between the parties, the cigars were re-shipped by the defendant to Cohen, who acknowledged the receipt of them and said he should hold them subject to the defendant's order, and insist upon the payment of the bill..

The court ruled, as a matter of law that, under the terms of this order the cigars should have been shipped or forwarded by regular conveyance, upon receipt of the order. ·

Upon this state of facts the court found that the plaintiff's assignor did not comply with the terms of the contract; that the delay in filling the order was unreasonable. The plaintiff thereupon took exceptions.

*H. W. Gage and C. A. Strout,* for plaintiff.

There seems to be no definite, ascertained legal meaning affixed by the courts by continuous construction of the words "at once." A thorough and extended search of authorities has failed to discover a case, analogous to this case, in which these words have been construed by the court; but we are aided by comparing the decisions of the court upon the legal meaning of words practically synonymous. Directly was held in *Duncan* v. *Topham,* 8 C. B. 225, to mean "speedily" or "as soon as practicable." Forthwith held to mean within a reasonable time and with reasonable diligence. *Bennett* v. *Lycoming Co.* 67 N. Y. 274. The word "immediately" does not, in legal pro-

ceedings, necessarily import the exclusion of any interval of time. It is a word of no very definite signification. *Goddis* v. *Howell*, 2 Vroom, 316. Immediately means within a reasonable time. *Rokes* v. *Amazon Ins. Co.* 51 Md. 519. Immediately should not receive a strict literal construction. Extreme cases are easily determined,—between them there is a wide belt of debatable ground, and cases falling within it are governed by the peculiar circumstances of each case. *Lockwood* v. *Middlesex Co.* 47 Conn. 568, and cases cited.

" Immediately afterwards " has been construed to mean " within such convenient time as is requisite for doing the thing." *Thompson* v. *Gibson*, 8 M. & W. 281 ; also *Pyles* v. *Mitford*, 2 Leon.. 77 Eng. King's Bench.

"As soon as possible " held to be within a reasonable time. *Columbian Ins. Co.* v. *Lawrence*, 10 Peters, 507. " As soon as possible "—in *Atwood* v. *Emery*, 1 C. B. (N. S.) 110—the court held that in a contract by a manufacturer to furnish certain specified goods " as soon as possible," the words meant within a reasonable time, regard being had to the manufacturer's ability to produce them, and the orders he may already have in hand.

It was also held that the manufacturer was not bound to procure the goods elsewhere if he was not in a position to execute the order himself at once ; nor was he bound to proceed at once to the execution of the order, laying aside all other orders he might have.

As one of the judges aptly said, " if the purchaser had intended to have the hoops within a limited time, he should have taken care to so express himself. Such words in a contract mean no more nor less than a reasonable time, regard being had to the manufacturer's facilities and extent of business and to the contracts he already had in hand."

In *Hydraulic Engineering Co.* v. *McHaffie*, 4 Q. B. Div. 670 (1878), which is in line with *Atwood* v. *Emery*, just cited, it is said "that a manufacturer or tradesman is not bound to discard all other work for the occasion, in order to take in hand a thing which he promises to do 'as soon as possible,' for instance a tailor, who accepts an order to make a coat 'as soon as possible'

need not put down a half made vest in order to begin the coat; every customer knows at the time of giving the order that the manufacturer or tradesman may have other orders on hand."

We have seen that there is no absolute rule of construction, by which the court is bound to construe the words "at once"—though we think the cases cited are entitled to great weight as showing the line of construction followed by the courts with respect to words whose signification is similar to those used in the contract in this case.

Therefore the well known principle applies, that the situation and true intent of all parties to a contract and the subject matter of it, are to be considered in determining the meaning of the contract. *Howland* v. *Leach*, 11 Pick. 151 ; *Merriam* v. *U. S.* 107 U. S. 437 ; *Lowber* v. *Bangs*, 2 Wall. 728 ; *U. S.* v. *Peck* 102 U. S. 64 ; *U. S.* v. *Gibbons*, 109 U. S. 200 ; *Mobile & M. R. Co.* v. *Jurey*, 111 U. S. 584 ; *Church* v. *Hubbart*, 2 Cranch, 187 ; *Ames* v. *Hilton*, 70 Maine, 42 ; *Bradley* v. *Steam Packet Co.* 13 Peters, 89 ; *Mauran* v. *Bullus*, 16 Peters, 528.

When any words in a contract are indefinite and ambiguous, that is to say, of doubtful construction, the practical interpretation of the parties themselves is entitled to great, if not controlling influence. *Chicago* v. *Sheldon*, 9 Wall. 50.

The shipment on May 20th, was a legal acceptance of the order. *Billings* v. *Mason*, 80 Maine, 499.

When the facts are ascertained or admitted, as in this case, what is a reasonable time is a question of law. *Attwood* v. *Clark*, 2 Maine, 249 ; *Kingsley* v. *Wallis*, 14 Maine, 57 ; *Hill* v. *Hobart*, 16 Maine, 168 ; *Greene* v. *Dingley*, 24 Maine, 137 ; *Portland* v. *Water Co.* 67 Maine, 139. Counsel also cited: Add. Con. § 324 ; *Hayden* v. *Madison*, 7 Maine, 79 ; *White* v. *Harvey*, 85 Maine, 213.

*Clarence Hale*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WALTON, J. We think this case was correctly decided. The defendant gave a written order for five thousand cigars, "twenty-

five hundred to be shipped at once, and the balance on call."
Having waited nineteen days, and having heard nothing from
his order, he countermanded it and bought cigars elsewhere.
The justice of the Superior Court, by whom the case was tried
without a jury, decided that the delay was unreasonable, and
that the action to recover the price of the cigars was not main-
tainable. It is the opinion of the court that the decision was
right.

*Exceptions overruled.*